The opinion of the Court ivas delivered by
Fenner, J.
The defendant appeals from a judgment rendered against him, upon tlie verdict of a jury, for damages occasioned plaintiff by her tripping and falling over a piece of soantling which rested upon the door-sill of a building and ran across the banquette of the street, unlawfully obstructing the same. The fall broke her wrist, occasioning suffering and other injury. The suit was brought against Sullivan, as owner of the building, and O’Neil, as contractor for.its construction; but, it appearing that O’Neil wa.s in full possession and control of the building and workmen employed therein, the verdict was in favor of Sullivan and against O’Neil only.
*1157 Plaintiff alleged that said “ piece of lumber had been run out of said building bj^ defendants or those in their employ,” and that “ the placing of the same across a frequented thoroughfare by said defendants or their employees, was gross and wilful negligence, and contrary to law,” and rendered defendants responsible for the damages.
There is a complete failure of proof that defendant or any of his employees placed the scantling there or even knew of its being there. On the contrary, the evidence is positive that they did not so place it or know of its being there; that it was not needed in such position for any possible purpose of the work which was being done; that O’Neil left the building at about 12 o’clock in the day, when the men struck off work for dinner; that, at that time, the banquette was clear; and that very shortly after and while the men were at dinner, the accident occurred. How, or by whom, or for what purpose the scantling was placed, is totally unaccounted for.
Certainly, it was an essential element of plaintiff’s cause of action to establish some fault or negligence on the part of defendant or his employees as a condition precedent to his liability for damages.
In this she has completely failed, unless we should hold that the bare fact, that the scantling was there with one end resting upon the door-sill of a house of which defendant was in charge, was sufficient to make him liable, whether or not he or his employees placed it, or knew of its being there. Such a proposition is certainly repugnant to common sense, and we know of, and are referred to, no law or authority sustaining it. It would extend the responsibility of owners or persons in charge of buildings beyond all reason, and would require them to mount guard in front of their houses lest the act of any street gamin might subject them to heavy damages.
The argument that defendant’s employees must or should have known of this obstruction because they were at dinner in the house, twenty feet off and in range of view, at the time when it was placed, comes with little grace from plaintiff, who, being a person of sound sight and unimpaired faculties, ran over the same obstruction, in broad daylight, without seeing it. '
There is no foundation for the verdict or judgment.
It is, therefore, ordered and decreed, that the judgment appealed from against the defendant, Thomas O’Neil, be annulled, avoided and reversed, and that there be judgment in his favor and rejecting plaintiff’s demand, with costs in both Courts.